JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 29 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE PAN AMERICAN WORLD AIRWAYS, INC.)
MATERNITY LEAVE POLICIES LITIGATION    )    DOCKET NO. 234

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL*, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

    Two actions commenced in two federal districts form the above-captioned litigation: Jacobs in the District of the District of Columbia; and Harriss in the Northern District of California. Both actions were originally brought on behalf of a class of all past, present and future female ground personnel of defendant Pan American World Airways, Inc. (hereinafter referred to as "Pan Am"), who have been, are, or may be adversely affected by defendant's allegedly discriminatory employment practices; the purported class in Harriss also consisted of all female flight attendants of Pan Am. Jacobs was subsequently certified as a nationwide class on

---

    *  Judge Weigel recused himself and took no part in the consideration or decision of this matter.

- 2 -

behalf of all Pan Am female ground personnel. Apparently to avoid any overlap between the classes in the two actions, and pursuant to a stipulation by the parties, the Harriss plaintiffs then filed an amended complaint that confines their putative class to female flight attendants.

The complaints in both actions contain allegations that defendant has violated and is continuing to violate the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 [42 U.S.C. §2000(e) et seq.], by maintaining sexually discriminatory employment policies. Basically, these alleged discriminatory policies fall into two categories: (1) the "stop-work" issue, whereby defendant requires females employed as ground personnel to commence maternity leave upon completion of their seventh month of pregnancy, and females employed as flight attendants to commence maternity leave upon their being informed of their pregnancy, while refusing to allow these flight personnel to resume work until a specified time after the termination of their pregnancy, all without regard to the female flight or ground employee's individual ability to work for defendant; and (2) the "benefits" issue, whereby defendant refuses female ground and flight personnel on maternity leave the right to treat pregnancy as a compensable illness, which, in effect,

denies these females the use of sick leave and other employment benefits. Plaintiffs in both actions seek preliminary and permanent injunctions to restrain Pan Am from continuing these practices, judgments declaring that these practices violate the Civil Rights Act of 1964, and compensating seniority, back pay, sick pay and disability benefits.

Plaintiffs in both actions jointly move the Panel for an order transferring Harriss to the District of the District of Columbia for coordinated or consolidated pretrial proceedings with Jacobs pursuant to 28 U.S.C. §1407. Defendant Pan Am opposes transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, we deny plaintiffs' motion.

Movants contend that transfer is proper because common questions of fact exist between these two actions relative to the "stop-work" and "benefits" issues. Defendant Pan Am, on the other hand, asserts that the two actions do not raise common factual issues since the questions relating to ground personnel are distinct from those pertaining to flight personnel. Defendant emphasizes that Harriss involves solely flight attendants while Jacobs involves only ground employees.

We question the extend of factual commonality between Harriss and Jacobs since it appears that at least

- 4 -

the "stop-work" issue for flight attendants is distinguishable from that issue as applied to ground employees. For example, the safety factors and availability of medical care are certainly different in the respective working conditions. <u>Cf</u>. <u>Newmon v. Delta Airlines, Inc</u>. 374 F. Supp. 238, 243 (N.D. Ga. 1973). But even viewing the question of commonality in the light most favorable to movants, we find that transfer under Section 1407 would not promote the just and efficient conduct of the litigation. Only two actions are involved here. And whatever common factual questions that may exist are in our view not complex enough or the accompanying discovery so time consuming as to justify transfer. <u>See</u> <u>In re Scotch Whiskey Antitrust Litigation</u>, 299 F. Supp. 543 (J.P.M.L. 1969).

- 4 -

the "stop-work" issue for flight attendants is distinquishable from that issue as applied to ground employees. For example, the safety factors and availability of medical care are certainly different in the respective working conditions. Cf. Newmon v. Delta Arilines, Inc., 374 F. Supp. 238, 243 (N.D. Ga. 1973). But even viewing the question of commonality in the light most favorable to movants, we find that transfer under Section 1407 would not promote the just and efficient conduct of the litigation. Only two actions are involved here. And whatever common factual questions that may exist are in our view not complex enough or the accompanying discovery so time consuming as to justify transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543 (J.P.M.L. 1969).

     Moreover, it appears that the District of Columbia court has stayed all proceedings on the "benefits" issue in Jacobs pending the United States Supreme Court's decision in Liberty Mutual Insurance Co. v. Wetzel, Docket No. 74-1245, cert granted, 43 U.S.L.W. 3624 (May 27, 1975). Since the adjudication of Wetzel could have at least a partial dispositive effect on Jacobs and Harriss, this provides another reason for denying Section 1407 treatment at the present time.

Inasmuch as plaintiffs are represented by the same counsel in both actions before us, if and when any commonality arises between them, plaintiffs can take certain measures to avoid unnecessary duplication.  For example, plaintiffs could file notices for a particular deposition in both the California and District of Columbia courts, thereby making the deposition applicable in each jurisdiction; plaintiffs could seek a stipulation among the parties that all discovery may be used in both actions; and plaintiffs could seek orders from the two courts directing the parties to coordinate their pretrial efforts.  See also Manual for Complex Litigation, Part I, §3.11 (rev. ed. 1973).  Thus, suitable alternatives to transfer under Section 1407 are available to the movants in this litigation.

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

| SCHEDULE A | DOCKET NO. 234 |
|---|---|

### DISTRICT OF THE DISTRICT OF COLUMBIA

| Mrs. Jane Margaret Jacobs, et al. v. Pan American World Airways, Inc. | Civil Action No. 1866-73 |
|---|---|

### NORTHERN DISTRICT OF CALIFORNIA

| Ute R. Harriss, et al. v. Pan American World Airways, Inc. | Civil Action No. C-74-1884-RHS |
|---|---|